```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
ALLEN DUPREE GARRETT,          :
                               :
          Plaintiff,           :   Civ. No. 20-17470 (NLH) (KMW)
                               :
     v.                        :          OPINION
                               :
                               :
CITY OF CAMDEN, et al.         :
                               :
          Defendants.          :
_____:
```

APPEARANCE:

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Allen Dupree Garrett, an inmate presently detained in the Camden County Correctional Facility in Camden, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting a claim pursuant to 42 U.S.C. § 1983.  See ECF No. 1.

    Because Plaintiff has three strikes under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury.  ECF No. 3. Plaintiff denies that the three-strikes prohibition applies to

him.  Alternatively, he asserts he qualifies for § 1915(g)'s exception.  ECF Nos. 4-7.

The PLRA amended § 1915 and established certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.[1]  The PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted . . . ."  Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)).

Plaintiff has had at least three qualifying dismissals: Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).  Plaintiff objects to the most recent strike, Garrett, No. 20-5235, because he has appealed the Court's order.  ECF No. 5-1 at 3.

---

[1] "'Prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

2

The Supreme Court has long held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. That, after all, is what the statute literally says." Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015). Accord Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 152 (3d Cir. 2017). Therefore, the May 14, 2020 dismissal counts as a strike even though Plaintiff has filed an appeal.

As Plaintiff has at least three qualifying strikes, he may not proceed in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). "[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). The complaint alleges officers falsely arrested him on September 21, 2019. ECF No. 1 at 5. Plaintiff asserts he sustained injuries to his left knee and back from the officers' use of excessive force during the arrest. Id. He claims he continues to be in pain from these injuries. ECF No. 7 at 1.

Plaintiff has not provided any facts suggesting his is in imminent danger of serious physical injury. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar, 239 F.3d at 315. "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially

3

dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." <u>Gresham v. Meden</u>, 938 F.3d 847, 850 (6th Cir. 2019). Plaintiff's injuries are more than a year old. Although he describes the injuries as chronic, nothing in the complaint suggests he is in danger of serious physical injury within the very near future. "Practices that may prove detrimental . . . over time . . . also do not represent imminent dangers, as the harm is not about to occur at any moment." <u>Brown v. Lyons</u>, 977 F. Supp. 2d 475, 483 (E.D. Pa. 2013)(internal quotation marks omitted) (first omission in original). Therefore, the Court must deny him <u>in forma pauperis</u> status. 28 U.S.C. § 1915(g).

    The Clerk shall be ordered to administratively terminate the case without filing the complaint. Plaintiff must pay the $402 filing and administrative fees before the complaint may be filed.

    An appropriate Order follows.

Dated: December 23, 2020      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.