```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ALLEN DUPREE GARRETT,               :
                                    :
         Plaintiff,                 :   Civ. No. 20-17470 (NLH) (KMW)
                                    :
    v.                              :   OPINION
                                    :
                                    :
CITY OF CAMDEN, et al.              :
                                    :
         Defendants.                :
_____:

APPEARANCE:

Allen Dupree Garrett
4366289
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

Plaintiff Pro se

HILLMAN, District Judge

   The Court administratively terminated Plaintiff Allen Dupree Garrett's complaint under 28 U.S.C. § 1915(g) because he had acquired at least three "strikes" under the Prison Litigation Reform Act of 1995 ("PLRA").  ECF No. 9.  He submitted a letter seeking reconsideration of the order.  ECF No. 11.  The Court treats this as a motion for reconsideration.

   For the reasons below, the motion for reconsideration will be denied.

I.  BACKGROUND

Plaintiff submitted this complaint under 42 U.S.C. § 1983 and requested to bring this civil action in forma pauperis, without prepayment of fees or security.  See ECF No. 1.  Because Plaintiff had three strikes under the PLRA,[1] the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury.  ECF No. 3.  Plaintiff denied that the three-strikes prohibition applied to him or, in the alternative, that he qualified for § 1915(g)'s exception.  ECF Nos. 4-7.

Plaintiff objected to the most recent strike, Garrett, No. 20-5235, because that his appeal of that dismissal is currently pending before the Court of Appeals for the Third Circuit.  ECF No. 5-1 at 3.  The Court concluded all three dismissals counted as strikes because "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal.  That, after all, is what the statute literally says."  Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015).  Accord Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager, 870 F.3d 144, 152 (3d Cir. 2017).

---

[1] Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).

The Court further concluded Plaintiff did not meet § 1915(g)'s exception for those plaintiffs in imminent danger of serious physical injury. As such, the Court denied Plaintiff's in forma pauperis application and administratively terminated the case pending receipt of the filing and administrative fees. ECF No. 9.

Plaintiff subsequently filed a letter seeking reconsideration of the order. ECF No. 11.[2] He once again argues that "[a] dismissal does not qualify as a strike . . . unless and until a litigant has exhausted or waived his or her appellate right." Id. at 1. He also asserts the Court erred in finding that he was not in imminent danger of serious physical injury.

II. STANDARD OF REVIEW

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the

---

[2] The Court is also in receipt of a notice of appeal to the Third Circuit. ECF No. 10.

court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

III. DISCUSSION

Plaintiff submits the same arguments in his motion for reconsideration that he did in his response to the Order to Show Cause. "A motion for reconsideration 'may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Rich v. State, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001)). Plaintiff's disagreement with the Court's decision "should be raised through the appellate process and is inappropriate on a motion for reargument." United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345, 1999 WL 1125224 (D.N.J. 1999).

IV. CONCLUSION

For the reasons stated above, the motion for reconsideration will be denied.

An appropriate order follows.

Dated: January 22, 2021            s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

4