```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
ALLEN DUPREE GARRETT,         :
                              :
         Plaintiff,           :   Civ. No. 20-17470 (NLH)(AMD)
                              :
    v.                        :   OPINION
                              :
                              :
CITY OF CAMDEN, et al.        :
                              :
         Defendants.          :
_____:
```

APPEARANCE:

Allen Dupree Garrett
000881340B
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327

   *Plaintiff Pro se*

HILLMAN, District Judge

   On December 23, 2020, the Court administratively terminated Plaintiff Allen Dupree Garrett's complaint under 28 U.S.C. § 1915(g) because he had acquired at least three "strikes" under the Prison Litigation Reform Act of 1995 ("PLRA"). ECF No. 9. The Court denied his motion for reconsideration on January 22, 2021. ECF No. 17.

   Plaintiff filed an "emergency notice" on August 22, 2022 asking the Court to reopen this matter and "[l]et the case begin." ECF No. 26. The Court interprets this as a motion for

relief from judgment under Federal Rule of Civil Procedure 60(b). The Court will deny the motion.

I. BACKGROUND

Plaintiff submitted this complaint under 42 U.S.C. § 1983 and requested to proceed in forma pauperis without prepayment of fees or security. See ECF No. 1. Because Plaintiff had three strikes under the PLRA,[1] the Court ordered Plaintiff to provide a statement demonstrating he was in imminent danger of serious physical injury. ECF No. 3. Plaintiff denied that the three-strikes prohibition applied to him or, in the alternative, that he qualified for § 1915(g)'s imminent danger exception. ECF Nos. 4-7.

The Court concluded that Plaintiff did have three qualifying strikes under § 1915(g) and that Plaintiff was not in imminent danger of serious physical injury. ECF No. 8. As such, the Court denied Plaintiff's in forma pauperis application and administratively terminated the case pending receipt of the filing and administrative fees. ECF No. 9.

Plaintiff filed a letter that the Court construed as a motion for reconsideration. ECF No. 11. He also filed an

---

[1] Garrett v. Murphy, No. 20-5235 (D.N.J. May 14, 2020) (dismissed for failure to state a claim); Garrett v. United States, No. 18-14515 (D.N.J. Nov. 27, 2018) (dismissed for failure to state a claim); Garrett v. Mendez, No. 13-5343 (D.N.J. Aug. 14, 2014) (dismissed for failure to state a claim).

appeal with the Third Circuit. ECF No. 10. The Court denied the motion for reconsideration on January 22, 2021. ECF No. 17. On March 23, 2022, the Third Circuit issued an order finding that Plaintiff had three qualifying strikes under § 1915(g). Garrett v. City of Camden, No. 21-1132 (3d Cir. Mar. 23, 2022) (ECF No. 24).[2]

The Third Circuit further found that "Garrett complains of only a past incident, and we 'reject imminent danger claims when a prisoner alleges only a past injury that has not recurred.'" Id. (quoting Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013), partially abrogated on other grounds by Coleman v. Tollefson, 575 U.S. 532 (2015)). The Court of Appeals denied Plaintiff's application to proceed IFP on appeal and directed him to pay the full filing fee. Id. Plaintiff's appeal was later dismissed for failure to pay the filing fee. Garrett, No. 21-1132 (3d Cir. Apr. 7, 2022) (ECF No. 26)(citing Fed. R. App. P. 3(a)).

Plaintiff filed the instant "emergency notice" on August 22, 2022. ECF No. 26. He asserts that "[c]ourts are prohibited from not answering case – due to prisoner unable to pay initial or partial filing fee." Id. at 1 (emphasis in original). He states that "[i]nstallments of pay were paid to 3rd COA" and asks the Court to "review all submissions of legal documents, medical

---

[2] The Court takes judicial notice of the public record of Plaintiff's appeal.

3

content, witnesses and any other legal arguments from Third Circuit Court of Appeals, due to Venue Change . . . ." Id.

## II. STANDARD OF REVIEW

Under, Federal Rule of Civil Procedure 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.' Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment." Kemp v. United States, 142 S. Ct. 1856, 1861 (2022). "Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." Id.

## III. DISCUSSION

Motions under Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "An appeal does not toll this time period." Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987). The Court denied Plaintiff's IFP application under § 1915(g) on December 23, 2020 and denied his motion for reconsideration on January 22, 2021. ECF Nos. 9 & 17. Plaintiff filed his current motion on August 22, 2022, making him ineligible for relief under Rule 60(b)(1)-

4

(3) because more than a year has passed since the challenged orders. Fed. R. Civ. P. 60(c)(1).

Federal Rule of Civil Procedure 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). "A void judgment is a legal nullity. . . . 'A judgment is not void,' for example, 'simply because it is or may have been erroneous.'" Id. (quoting Hoult v. Hoult, 57 F.3d 1, 6 (1st Cir. 1995)). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271. This Court had jurisdiction to enter the contested orders, 28 U.S.C. § 1331; 42 U.S.C. § 1983, and Plaintiff had notice and an opportunity to respond to the Court's § 1915(g) inquiry, ECF No. 3. Therefore, Rule 60(b)(4) is inapplicable.

A Court may order relief under Rule 60(b)(5) if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Plaintiff has not paid the filing fee for either his original action in this Court or his appeal to the Third Circuit. Contrary to Plaintiff's claim, the submitted account statement does not show that he made payments for Civil Action No. 20-17470 in this

Court or for Civil Action No. 21-1132 in the Third Circuit.  ECF No. 1 at 6-8.  The statement does contain an entry for a "State Litigation Filing Fee" for case "A-001011-03T3," but that is not a federal civil action.  Id. at 7.  Moreover, the Third Circuit issued an order in Plaintiff's appeal stating "[t]here is no payment of filing fees for appeal no. 21-1132, listed on the district court docket no. 20-cv-17470" on August 8, 2022.  Garrett, No. 21-1132 (3d Cir. Aug. 8, 2022) (ECF No. 40).

Plaintiff also asserts the Court should reopen his case "due to Venue Change . . . ."  ECF No. 1 at 1.  Plaintiff has moved to state prison since he filed his complaint, but that is not a venue change.  Plaintiff has not complied with the orders to pay the filing fee and there are no changed circumstances that warrant relief.  See Horne v. Flores, 557 U.S. 433, 447-48 (2009).  Therefore, Rule 60(b)(5) does not apply to Plaintiff's request.

Finally, Plaintiff is not entitled to relief under Rule 60(b)(6).  "The standard for granting a Rule 60(b)(6) motion is a high one.  The movant must show 'extraordinary circumstances' to justify reopening a final judgment."  Michael v. Wetzel, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting Gonzalez v. Crosby, 545 U.S. 524, 536 (2005)).  "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"

Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).  Plaintiff has not made this showing.

"[Section] § 1915(g) does not block a prisoner's access to the federal courts.  It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." Abdul-Akbar v. McKelvie, 239 F.3d 307, 316 (3d Cir. 2001).  Plaintiff had three "strikes" under § 1915(g) and could not show that he was in imminent danger of serious physical injury at the time he filed his complaint.  ECF No. 9.  See also Abdul-Akbar, 239 F.3d at 312 ("[A] prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed.").  The Third Circuit reached the same conclusion in Plaintiff's appeal.  Garrett, No. 21-1132 (3d Cir. Mar. 23, 2022) (ECF No. 24).  Plaintiff is facing the consequences of his decisions, which "are precisely the consequences intended by Congress." Abdul-Akbar, 239 F.3d at 315.  Nothing in Plaintiff's subsequent filings warrant reopening this matter under Rule 60(b)(6).

IV. CONCLUSION

For the reasons stated above, Plaintiff's Rule 60(b) motion will be denied.  An appropriate order follows.

Dated: August 24, 2022          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

7