```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                               :
ALLEN DUPREE GARRETT,          :
                               :
          Plaintiff,           :    Civ. No. 20-17470 (NLH) (AMD)
                               :
     v.                        :    OPINION AND ORDER
                               :
                               :
CITY OF CAMDEN, et al.         :
                               :
          Defendants.          :
_____:
```

APPEARANCE:

Allen Dupree Garrett
000881340B
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327

    *Plaintiff Pro se*

HILLMAN, District Judge

    WHEREAS, the Court administratively terminated Plaintiff Allen Dupree Garrett's complaint on December 23, 2020 because he had acquired at least three "strikes" under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), ECF No. 9; and

    WHEREAS, Plaintiff filed a letter that the Court construed as a motion for reconsideration, ECF No. 11.  The Court denied the motion on January 22, 2021, ECF No. 17; and

    WHEREAS, Plaintiff appealed, ECF No. 10.  On March 23, 2022, the Third Circuit issued an order finding that Plaintiff

had three qualifying strikes under § 1915(g).  Garrett v. City of Camden, No. 21-1132 (3d Cir. Mar. 23, 2022) (ECF No. 24);[1] and

WHEREAS, the Court of Appeals denied Plaintiff's application to proceed IFP on appeal and directed him to pay the full filing fee.  Id.  Plaintiff's appeal was later dismissed for failure to pay the filing fee, Garrett, No. 21-1132 (3d Cir. Apr. 7, 2022) (ECF No. 26)(citing Fed. R. App. P. 3(a)); and

WHEREAS, Plaintiff filed an "emergency notice" on August 22, 2022 asking the Court to reopen this matter and "[l]et the case begin."  ECF No. 26; and

WHEREAS, the Court denied the motion on August 24, 2022, ECF No. 28; and

WHEREAS, Plaintiff now moves for the appointment of pro bono counsel, ECF No. 29; and

WHEREAS, this Court, and the Third Circuit, have repeatedly informed Plaintiff that this matter cannot proceed unless and until Plaintiff pays the full $350 filing fee and $52 administrative fee.  Plaintiff has not paid the required fees; and

WHEREAS, there is no right to counsel in a civil case, see Tabron v. Grace, 6 F.3d 147, 153-54 (3d Cir. 1993).  The Court may request an attorney to represent any person unable to afford

---

[1] The Court takes judicial notice of the public record of Plaintiff's appeal.

counsel, but the complaint must first have some "arguable merit in fact and law." Id. at 155. The Court cannot review the complaint's merits because Plaintiff has not paid the filing fee; and

WHEREAS, the Court will deny the motion without prejudice. Plaintiff may reapply for counsel once he has paid the $402 filing and administrative fees; and

WHEREAS, the Court will take no further action in this matter until the fees are paid.

THEREFORE, IT IS on this  4th   day of  October, 2022

ORDERED that the motion for the appointment of pro bono counsel, ECF No. 29, shall be, and hereby is, DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Court will take no further action in this matter until the $350 filing fee and $52 administrative fee are paid; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Plaintiffs by regular mail.

At Camden, New Jersey
s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.